UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

BULMARO COLIN CHAPARRO,

Petitioner,

v.

KRISTI NOEM, Secretary, U.S. Department of Homeland Security, et al.,

Respondents.

Case No.:  26-cv-1844-RSH-MSB

**ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS**

On March 23, 2026, petitioner Bulmaro Colin Chaparro filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (the "Petition"). ECF No. 1.

Title 28 of the U.S. Code, Section 2241, provides that "[w]rits of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). A detainee bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Rule 4 of the Rules Governing Section 2254 Cases in the U.S. District Courts (the "Habeas Rules") requires summary dismissal of a federal habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." *See also* Habeas Rule 1(b) (permitting district courts to apply Habeas Rules to Section 2241 habeas

1

proceedings); *Lane v. Feather*, 584 F. App'x 843, 843 (9th Cir. 2014) (affirming district court's application of Habeas Rule 4 to dismiss Section 2241 petition).

Petitioner alleges that he is not subject to mandatory detention under 8 U.S.C. § 1225(b), but instead is entitled to a bond hearing under 8 U.S.C. § 1226(a). ECF No. 1 ¶¶ 23–29. Petitioner states that he has a bond redetermination hearing before an immigration judge scheduled for March 24, 2026, but he predicts that the immigration judge will dismiss his request for bond based on lack of jurisdiction. *Id.* ¶ 3. Petitioner further alleges that federal regulations work a deprivation of due process "by allowing the prosecuting agency—after losing at the bind hearing—to veto the Immigration Judge's order with a one-page notice that requires no showing of danger, flight risk, or likelihood of success on appeal." *Id.* ¶ 32. Petitioner does not allege that this has happened or will happen in this case; indeed, his prediction is that his bond redetermination hearing will be dismissed by the immigration judge for lack of jurisdiction, rather than that the immigration judge will set bond, after which Respondents will "veto" that order setting bond.

Petitioner seeks his immediate release from custody. But it plainly appears that Petitioner has not set forth a valid basis for concluding that his present detention is unlawful. He asserts that he is entitled to a bond hearing, but also admits that he is scheduled to receive one. Petitioner's prediction that that hearing will have a particular result may or may not be correct; but to the extent he seeks to challenge something other than his present alleged unlawful confinement, a § 2241 petition is not the appropriate vehicle. If and when Petitioner has a claim that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States," 28 U.S.C. § 2241(c)(3), he may seek relief through a petition for writ of habeas corpus.

//
//
//
//
//

2

Accordingly, the Petition is **DENIED** without prejudice. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: March 24, 2026

_____
Hon. Robert S. Huie
United States District Judge

3

26-cv-1844-RSH-MSB